## GREGORY *v.* FICHTNER.

*(City Court of New York, General Term.*   March 10, 1891.)

CONVERSION—EVIDENCE.

   In an action for the conversion of jewelry plaintiff testified to her ownership and its value, and a witness who accompanied plaintiff in a call on defendant testified to a specific demand for the property, and defendant's refusal to deliver.  Defendant declined to cross-examine plaintiff's witnesses, and offered no evidence.  *Held*, that a verdict for plaintiff would be sustained.

Appeal from special term.

Amelia Gregory sued August Fichtner, as executor, etc., of Herman Schwannecke, deceased, for conversion.  From a judgment for plaintiff, defendant appeals.

v.13N.Y.s.no.5—38

Argued before EHRLICH, C. J., and McGOWN, J.

*Straley, Hasbrouck & Schloeder*, for appellant. *Hiram Ketcham*, for respondent.

McGOWN, J. We do not find, after a careful examination of the appeal-book herein, any sufficient reason why we should disturb the judgment entered herein on the verdict of the jury. The action was for conversion of several articles of jewelry alleged to be owned by the plaintiff. The action was commenced on or about March 17, 1885. The plaintiff testifies as to her ownership of the property, and as to its value. Defendant declined to cross-examine the plaintiff as to her knowledge of its value, and offered no evidence to contradict her testimony on that point. Plaintiff's witness, Minna Walters, testified that she called upon the defendant with plaintiff, in the latter part of February or the early part of March, 1885, and plaintiff then said, "Herman, will you please give me the five diamond rings and all my jewelry?" etc.; that defendant "refused to give it to her;" and that he (defendant) said "that whatever he had he would keep, and that she should go away from there." The cause of action accrued when the demand was made, and the return and delivery of the property refused. After the plaintiff had rested, and the motion to dismiss had been denied, defendant's counsel stated that he had no testimony to offer. The trial justice fairly and fully in his charge submitted all the evidence and the issues of fact to the jury, who rendered a verdict in favor of the plaintiff for the sum of $952. The rulings of the trial justice, to which exceptions were taken by defendant's counsel, were correct, and the exceptions thereto are without merit. The jury passed on the questions of fact submitted, namely, as to the plaintiff's ownership of the property, as to the demand and as to its value, and there was sufficient evidence to sustain their verdict. The judgment and the order denying the motion for a new trial, appealed from, must be affirmed, with costs to the respondent.